JAP:AEL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JORGE MAYANCELA-MINCHALA,
    also known as
    "Jorge Manuel,"

              Defendant.

- - - - - - - - - - - - - - - - X

**12 M 622**

COMPLAINT AND
AFFIDAVIT IN SUPPORT
OF APPLICATION FOR
ARREST WARRANT

(T. 8, U.S.C.,
§§ 1326(a) and
1326(b)(2))

EASTERN DISTRICT OF NEW YORK, SS:

        DENNIS CARROLL, being duly sworn, deposes and states that he is a Deportation Officer with the United States Department of Homeland Security Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

        On or about June 23, 2012, within the Eastern District of New York and elsewhere, the defendant JORGE MAYANCELA-MINCHALA, also known as "Jorge Manuel," being an alien who had previously been arrested and convicted of an aggravated felony, and was thereafter excluded and removed from the United States, and who had not made a re-application for admission to the United States to which the Secretary of the Department of Homeland

Security, successor to the Attorney General of the United States, had expressly consented, is known to be in the United States.

(Title 8, United States Code, Section 1326(b)(2)).

The source of your deponent's information and the grounds for his belief are as follows:[1/]

1. I am a Deportation Officer with ICE and have been involved in the investigation of numerous cases involving the illegal re-entry of aliens. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the ICE investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. On or about June 23, 2012, the defendant, JORGE MAYANCELA-MINCHALA, also known as "Jorge Manuel," was observed by two confidential informants ("CI-1" and "CI-2"), who have previously provided accurate and reliable information to law enforcement, in the Elmhurst section of Queens, New York. Specifically, CI-1 advised officers that in addition to seeing the defendant on the street in Elmhurst, Queens on or about June 23, 2012, CI-1 saw the defendant at a residence in Queens five months ago and also indicated that he has known the defendant for

---

[1/] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all of the relevant facts and circumstances of which I am aware.

2

over one year. CI-2 advised officers that he saw the defendant standing on a street corner in Elmhurst, Queens on or about June 23, 2012 and indicated that he has known the defendant for several years. CI-1 and CI-2 provided officers with a description of the defendant, including his approximate height, and weight, and indicated that he has large tattoos on each of his forearms. When shown photographs of the defendant taken from his immigration file, these informants confirmed that the defendant was the same individual.[2]

3. A criminal history investigation of the defendant, a citizen of Ecuador, revealed that he had been previously removed from the United States on September 14, 2005 and on April 27, 2011.

4. I have determined based upon a criminal history investigation that on or about March 17, 2003, the defendant, then known as "Jorge Manuel," had been convicted of Criminal Possession of a Weapon in the Fourth Degree, in violation of Section 265.01 subsection 2 of the New York State Penal Law. Furthermore, on March 11, 2008 the defendant, then known as "Jorge Mayancala," had been convicted of Attempted Assault in the First Degree, in violation of Section 120.10 subsection 1 of the New York Penal Law, an aggravated felony offense.

---

[2] Prior arrest photographs of the defendant reflect tattoos on the defendant's forearms as described by CI-1 and CI-2.

5. I have also determined that on or about April 27, 2011, the defendant, JORGE MAYANCELA-MINCHALA, also known as "Jorge Manuel" had been removed as an aggravated felon from the United States pursuant to an Order of Removal originally dated August 22, 2005 and reinstated on April 16, 2008. The defendant at that time admitted that his true name was JORGE MAYANCELA-MINCHALA.

6. The criminal history search, which revealed the defendant's FBI number proves that the fingerprints taken in connection with the defendant's arrest underlying his March 17, 2003 conviction; the fingerprints taken in connection with the defendant's arrest underlying the March 11, 2008 conviction and the fingerprints taken in connection with the defendant's August 22, 2005 removal determined that all three sets of fingerprints were made by the same individual, JORGE MAYANCELA-MINCHALA, also known as "Jorge Manuel."

7. A search of ICE records has revealed that there exists no request by the defendant for permission from either the United States Attorney General of the Secretary of the Department of Homeland Security to re-enter the United States after removal.

WHEREFORE, your deponent respectfully requests that the defendant JORGE MAYANCELA-MINCHALA, also known as "Jorge Manuel," be dealt with according to law.

_____
DENNIS CARROLL
Deportation Officer
United States Immigration and
Customs Enforcement

Sworn to before me this
29th day of June, 2012

E